IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LaShonda C. Jackson,

  Plaintiff,

    vs.          Case No. 13-2323-JTM

Postmaster General, United States Postal
Service,

  Defendants.

MEMORANDUM AND ORDER

  This is an action by LaShonda Jackson against her employer, the United States Postal Service (USPS), alleging violations of Rehabilitative Act of 1973, 29 U.S.C. § 701 *et seq*. and Title VII of the Civil Rights Act of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

  On February 20, 2014, the court directed the plaintiff Jackson to show cause why the action should not be dismissed for lack of prosecution. (Dkt. 4). Shortly thereafter, Jackson's attorney responded. Counsel stated that "since the conclusion of the [EEOC] investigation, the undersigned has had no contact with Ms. Jackson." (*Id*. ¶ 3). The July 3, 2013 Complaint was filed "[i]n order to preserve the statute of limitations." (Dkt. 5, ¶ 5). According to counsel, the Complaint was served on October 28, 2013, and that the defendant is now in default. At the same time, counsel advised that he had tried "numerous [times] over the last several months to contact Ms. Jackson by phone and mail to no avail." (*Id*. ¶ 7). He thus

asked for "an additional thirty days to try and reach Ms. Jackson so that this matter can be prosecuted. (*Id*. at 2). At the same time, plaintiff's counsel filed a separate Motion for Default Judgment (Dkt. 6) against the defendant repeating the same argument.

The United States has filed a Response to the plaintiff's motion, arguing (1) there was no proper service on the USPS, because plaintiff did not comply with Fed.R.Civ.Pr. 4(I) by serving copies of the summons to the Attorney General and the local United States District Attorney; (2) in light of the improper service, the court lacks personal jurisdiction over the USPS; (3) plaintiff's motion for default judgment does not comply with Rule 55(a) by first establishing the alleged default; and (4) the case should be dismissed under D.Kan.R. 41.1. According to the government, Jackson "has a history of starting lawsuits and not finishing them." (Dkt. 7, at 4). The government cites two other cases in this District, No. 01-CV-02152-CM and No. 12-02047-EFM, which have been dismissed. The first case was dismissed for a lack of prosecution, the second was dismissed following a dispositive motion by the government, to which Jackson filed no response.

Jackson has not replied to the government's arguments.

The court hereby denies the Motion for Default Judgment, finding no indication of proper service on the defendant consistent with Rule 4.1. In addition, and by counsel's own admission, he has had no contact with Jackson since the conclusion of the EEOC

investigation. The EEOC Final Agency Decision, which is attached as Exhibit 1 to the Complaint, was issued April 1, 2013. Accordingly, Jackson has not spoken with her attorney for an entire year.

Plaintiff's attorney filed the Complaint to avoid a statute of limitations bar, but never effected proper service, and has done nothing to advance the action beyond the Motion for Default Judgment, which was clearly deficient under the circumstances of the case. As a result, the court finds that the plaintiff has failed to show good cause why the action should not be dismissed for a lack of prosecution.

IT IS ACCORDINGLY ORDERED this 1st day of April, 2014, that the plaintiff's Motion for Default Judgment (Dkt. 6) is hereby denied; the matter is hereby dismissed for a lack of prosecution.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE